**ITT WORLD COMMUNICATIONS INC., RCA Global Communications, Inc., and Western Union International, Inc., Petitioners,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents,**

**Western Union Telegraph Company, and TRT Telecommunications Corp., Intervenors.**

**Nos. 864, 865 and 1279, Dockets 79–4220, 80–4003 and 80–4016.**

United States Court of Appeals, Second Circuit.

Argued Sept. 10, 1980.

Decided Sept. 12, 1980.

Robert E. Conn, New York City, for petitioner Western Union Intern., Inc.

Grant S. Lewis, New York City (LeBoeuf, Lamb, Leiby & MacRae, New York City, of counsel), for petitioner ITT World Communications Inc.

H. Richard Schumacher, New York City (Cahill Gordon & Reindel, New York City, of counsel), for petitioner RCA Global Communications, Inc.

John E. Ingle, Asst. Gen. Counsel, F. C. C., Washington, D. C., for respondent F. C. C.

Joel Yohalem, Washington, D. C., for intervenor Western Union Tele. Co.

E. Edward Bruce, Washington, D. C. (Covington & Burling, Washington, D. C., of counsel), for intervenor TRT Telecommunications Corp.

Before LUMBARD and MANSFIELD, Circuit Judges.

PER CURIAM:

ITT World Communications, Inc. (ITT) and RCA Global Communications, Inc., have moved by motion dated August 26, 1980, for an order adjudging Western Union Telegraph Company (WU) to be in contempt for violation of our order dated July 14, 1980, granting ITT's motion to maintain the *status quo* pending determination of the appeal. The term *"status quo"* was clearly understood to mean that pending the appeal WU would not engage in general solicitation of customers by telex or broad–scale advertising for its WUITS or LCR international service via two foreign carriers and TRT Communications Corporation, the legality of which was in issue in the appeal. When ITT originally brought suit, it applied to the District Court for the Southern District of New York for a temporary restraining order prohibiting general solicitation and advertising by WU. The order was never issued because the parties, in a December 19, 1979 letter agreement, had agreed that WU would not engage in such activities (other than personal appeals by field salesmen) without giving ITT 10 days notice. ITT's motion for an order from this court maintaining the *status quo* was made after WU had given notice of its intent to resume general solicitation and advertising.

After reviewing the documentary evidence submitted by the parties and hearing arguments offered by counsel, it appears that WU, despite our July 14, 1980 order, has solicited at least 18,000 of its telex and TWX subscribers by sending to them printed brochures and other materials which advertise and promote its WUITS or LCR overseas service via Canadian and Mexican

routes. The materials urge customers to utilize the service and provide detailed information as to how they could do so. One such mailing promotes the service under the new name of "Century Exchange For International Telex."

These activities, which continue to date, clearly violate our July 14 order and should be terminated at once. Moreover, they violate the terms of the mandate to be issued pursuant to our decision filed on August 25, 1980 holding that WU's WUITS or LCR service, including transmission of international telegraph operations via CNCP, a foreign Canadian carrier, and Telecomex, a foreign Mexican carrier, violates § 222 of the Communications Act of 1934, 47 U.S.C. § 222, and directing the Federal Communications Commission to order WU immediately to cease providing its overseas service via CNCP, Telecomex or any carriers other than international records carriers (IRCs) and to cease conduct of any international telegraph operations.

To the extent that petitioners ITT and RCA ask for an order directing termination by WU of its international WUITS or LCR service by foreign carriers, our August 25, 1980, decision already grants such relief. WU remains free to offer domestic service with respect to overseas traffic by interconnection with IRCs as defined in the Act, including TRT Telecommunications Corporation, provided it has FCC approval and complies with § 222(e)(1), which mandates that it distribute such traffic among the various IRCs (including WUIT, ITT and RCA) according to a formula approved by the FCC. Any effort by WU to continue its WUITS or LCR traffic via TRT alone is clearly prohibited by § 222.

In view of its contemptuous conduct, WU is directed, pending entry of an order by the Commission, immediately (1) to cease offering or providing LCR, WUITS or any similar service via CNCP, Telecomex, or any carriers other than IRCs, (2) not to offer telex or TWX traffic via TRT or any other IRC to points outside of the continental United States except upon FCC approval and upon WU's distribution of such traffic among the various IRCs according to a formula approved by the FCC, as mandated by § 222(e)(1), and (3) to cease conduct of any international telegraphic operations.

The Commission's order is vacated. The case is remanded to the Commission with directions to enter an order containing the foregoing enumerated provisions, which amplify the directions contained in our August 25, 1980 decision. The mandate shall issue forthwith.